IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BENJAMIN ROBERTS,
            *Plaintiff*,

            v.

INOVA HEALTH CARE SYSTEM, *et al.*,
            *Defendants*.

Case No.: 1:22-cv-337 (MSN/IDD)

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 5). Upon consideration of the pleadings and for the reasons set forth below, the Court **GRANTS** the Motion to Dismiss.

## I.    PROCEDURAL HISTORY

On March 28, 2022, Benjamin Roberts, proceeding *pro se*, filed a Complaint alleging various causes of actions against Defendants Inova Healthcare System ("Inova"), Inova's Human Resources Department, and Inova's President and CEO based on his termination for failure to comply with a policy requiring employees to receive the Covid-19 vaccine as a condition of continued employment. *See generally* Compl. (Dkt. No. 1). Roberts's initial motion for leave to proceed *in forma pauperis* was denied on April 20, 2022. (Dkt. No. 3). On May 27, 2022, Inova filed a motion to dismiss Roberts's Complaint. Defs. Mot. to Dismiss ("Motion" or "Mot.") (Dkt Nos. 5, 6). Roberts renewed his request to proceed *in forma pauperis* on June 2, 2022 (Dkt. No. 7), which this Court granted on July 19, 2022 (Dkt. No. 10). On September 16, 2022, the Court issued an order to show cause why the Court should not dismiss the action due to Roberts's failure to respond to Inova's Motion. (Dkt. No. 11). Roberts failed to respond to the Court's show cause

1

order until December 19, 2022, when he filed a request for summary judgment and a response to the motion to dismiss. (Dkt. Nos. 12, 13). In that filing, Roberts explained that he had neglected to monitor his mail closely for correspondence from the Court. (Dkt. No. 12-1). In light of Roberts's *pro se* status and the explanation proffered for the untimely nature of his filing, the Court will consider Roberts's pleading filed on December 19, 2022 in deciding the Motion to Dismiss.

On December 22, 2022, Inova moved to strike the motion for summary judgment or, in the alternative, to defer consideration on Roberts's motion for summary judgment. (Dkt. No. 14). This Court held the motion for summary judgment, and all related deadlines, in abeyance until further order from the Court. (Dkt. No. 18). On December 22, 2022, Inova filed its reply in support of its motion to dismiss. (Dkt. No. 16).[1]

## II.   RELEVANT FACTUAL BACKGROUND

Roberts was employed by Inova for twenty-one years. Compl. at 10. On or about July 8, 2021, Inova required that all its employees be vaccinated against Covid-19 as a condition of continued employment. *Id.* at 6. Roberts alleges he refused to be vaccinated due to concerns about the safety and efficacy of the vaccines. *Id.* Roberts identifies several reasons, which he alleges he

---

[1]     On January 5, 2023, after this Court issued its order holding Roberts's motion for summary judgment and all related deadlines in abeyance, Roberts filed a document entitled "Documents and Arguments in Support of Request by Plaintiff for Summary Judgment in his Favor." (Dkt. No. 19). Because Roberts's motion for summary judgment is being held in abeyance pending the decision on Inova's Motion to Dismiss, this Court declines to consider the materials filed by Roberts on January 5, 2023 (Dkt. No. 19) in deciding the instant Motion to Dismiss. Additionally, on February 16, 2023, Roberts filed a document entitled "Plaintiff's Answer to 'Defendants' Reply Brief in Support of Defendant's Motion to Dismiss' & 'Defendant's Motion to Strike, or in the Alternative, Defer Consideration of Plaintiff's Motion for Summary Judgment.'" (Dkt. No. 20). The Court will construe this February 16, 2023 filing as a sur-reply on the Motion to Dismiss. Local Rule 7(F)(1) prohibits a party from filing a sur-reply without first obtaining leave of Court. "A court has the discretion to allow a sur-reply where a party brings forth new material or deploys new arguments in a reply brief. Generally, courts allow a party to file a sur-reply only when fairness dictates based on new arguments raised in the previous reply." *Dillard v. Kolongo*, No. 1:16-CV-1060, 2017 WL 2312988, at *6 (E.D. Va. May 25, 2017) (citations omitted). Although this Court recognizes Roberts's *pro se* status, Roberts did not comply with the Local Rules by filing a sur-reply without first obtaining leave of Court. In any event, Inova's reply to Roberts's response to the Motion to Dismiss introduced no new arguments or new material for which a sur-reply would be warranted. Accordingly, this Court will not consider Roberts's pleading filed February 16, 2023 (Dkt. No. 20).

previously provided to Inova, for his refusal. *Id.* at 11–15. Specifically, Roberts alleges that he was concerned about the short time frame in which the vaccines were produced (*id.* at 12) and potential side effects (*id.* at 12, 14–15). Roberts alleges that he informed Inova he refused to be vaccinated for these reasons and would instead rely on his "own herbal extract to offer some level of protection from, and to treat the respiratory Coronavirus in this pandemic[.]" Compl. p. 7, 13–14.

On September 9, 2021, Inova terminated Roberts's employment after he refused to be vaccinated against Covid-19. *Id.* at 6. Roberts alleges that he inquired about his receipt of two weeks of separation pay during his termination meeting and that Inova informed him that "no such monies were due." *Id.* at 8. Roberts alleges Inova's vaccination policy for employees violates the Nuremburg Code, the Declaration of Helsinki, and the National Research Act of 1974 (*id.* at 3), and also alleges wrongful termination and breach of contract against Inova (*id.* at 4, 6–8). Roberts seeks $250,000 for two years' salary, lost benefits, and other alleged consequential and punitive damages. *Id.* at 4. Roberts also seeks his "initial hiring documents" to determine whether he is entitled to two weeks of separation pay under the terms of his hire. *Id.* at 4, 20.

## III.   LEGAL STANDARD

This Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when a complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). A plaintiff must make more than bald accusations or mere speculation; "naked assertions devoid of further factual enhancement" and "a formulaic recitation of the elements of a cause of action" are insufficient

under Rule 12(b)(6). *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). A complaint by a *pro se* plaintiff should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). But the Court's "task is not to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Nor does the liberal pleading standard "excuse a clear failure in the pleadings to allege a federally cognizable claim." *Laber v. U.S. Dep't of Defense*, No. 3:21-cv-502, 2021 WL 5893293, at *2 (E.D. Va. Dec. 13, 2021) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990)).

## IV.   ANALYSIS

Roberts has failed to state a cognizable federal claim in his Complaint. Roberts alleges that Inova's termination of his employment resulting from his refusal to comply with the private employer's Covid-19 vaccine policy violates the (1) the Nuremburg Code, (2) the Declaration of Helsinki, and (3) the National Research Act of 1974. None of these, however, provides a private right of action that would support Roberts's allegations. *See Reed v. Tyson Foods, Inc.*, No. 21-cv-01155, 2022 WL 2134410, at *12 (W.D. Tenn. June 14, 2022) (dismissing with prejudice allegation that employer's vaccine policy violated the Nuremberg Code and concluding that "there is no private right of action for a violation of international law based on the Nuremberg Code"); *Kriley v. Northwestern Memorial Healthcare*, No. 22-1606, 2023 WL 371643, at *2 (7th Cir. Jan. 24, 2023) (concluding that the Declaration of Helsinki and Nuremberg Code are statements of principles, rather than treaties, and that plaintiff failed to support assertion that they create private

rights of action); *Sykes v. United States*, 507 F. App'x 455, 463 (6th Cir. 2012) ("Courts have uniformly held that no private right of action exists under the Declaration of Helsinki."). The Court further finds that any amendment of the Complaint would be futile with respect to the federal claims. For these reasons, the Court dismisses with prejudice Roberts's claims arising under the Nuremburg Code, the Declaration of Helsinki, and the National Research Act of 1974.

Roberts also raises state law claims alleging wrongful discharge and breach of contract.[2] *See* Compl. at 4, 6–8. With respect to any claim of wrongful discharge, "Virginia adheres to the employment at-will doctrine, which allows that an employee remains at liberty to leave his employment for any reason or for no reason, and by the same token, the employer is free to terminate the employment relationship without the need to articulate a reason." *Francis v. Nat'l Accrediting Comm'n of Career Arts & Scis., Inc.*, 293 Va. 167, 171–72 (Va. 2017) (cleaned up); *see also Carmack v. Virginia*, No. 1:18-cv-00031, 2019 WL 151033, at *9 (W.D. Va. Apr. 5, 2019) ("Virginia adheres to a strong presumption that employment is at will, meaning employment lasts for an indefinite term and can be terminated for almost any reason."). Roberts makes no specific factual allegations related to the terms of his employment, including that Inova contracted to employ Roberts for a specific duration of time during which he was terminated.[3] In the absence of such allegations, and in accordance with Virginia law, this Court will therefore find Roberts's employment with Inova was at-will.

---

[2]      Roberts has indicated that the Court has both federal question jurisdiction and diversity jurisdiction over his claims. *See* Compl. at 3. As discussed above, the Court has dismissed any claims that may arise under federal law. With respect to diversity jurisdiction, Roberts alleges that he is a citizen of Maryland and Defendants are citizens of Virginia, and he alleges damages of $250,000. Compl. at 3–4. Accordingly, this Court finds no deficiency on the face of the Complaint that diversity jurisdiction exists in this action and proceeds next to assess whether the state law claims survive Inova's Motion.

[3]      Roberts does allege that if Inova "is accurate" that "no such monies were due," presumably in reference to severance pay discussed immediately prior, then "this would mean that Plaintiff's terms of employment was an 'at will' category all along." Compl. at 8.

In *Bowman v. State Bank of Keysville*, 229 Va. 534 (Va. 1985), the Virginia Supreme Court recognized "an exception to the employment at-will doctrine based upon an employer's violation of public policy in the discharge of an employee." *Francis*, 293 Va. at 172. The Virginia Supreme Court has recognized only three situations in which a claim is sufficient to constitute a common law cause of action for wrongful termination of an at-will employee under the *Bowman* public policy exception: (1) when an employer violates a policy enabling the exercise of an employee's statutorily created right; (2) when the public policy violated by the employer was explicitly expressed in the statute; and (3) when the discharge was based on an employee's refusal to engage in a criminal act. *Rowan v. Tractor Supply Co.*, 263 Va. 209, 213 (Va. 2002).

To the extent Roberts intends to allege a *Bowman* claim, Roberts's wrongful discharge claim does not fit squarely within any of these narrow exceptions. The third exception is inapplicable, as Roberts does not allege that the act he refused to engage in (receiving a vaccine) was a criminal act (nor could he plausibly allege so). And, "[t]he public policy on which a plaintiff must rely to qualify for the first and second *Bowman* exceptions must be expressed in an existing Virginia statute." *Wells v. Enter. Leasing Co. of Norfolk/Richmond, LLC*, 500 F. Supp. 3d 478, 487–88 (E.D. Va. 2020) (citing cases). Roberts has failed to identify a Virginia statute establishing a public policy that Inova violated either expressly or otherwise, and he therefore does not qualify for the first or second *Bowman* exceptions. To the contrary, Inova's vaccination policy is aligned with the public effort to encourage Covid-19 vaccinations. *See McCutcheon v. Enlivant ES, LLC*, No. 5:21-cv-00393, 2021 WL 5234787, at *3 (S.D. W. Va. Nov. 9, 2021). Accordingly, Roberts has failed to state a claim for wrongful discharge, and this Court dismisses the wrongful discharge claim.

Roberts also alleges a breach of contract with respect to two weeks of separation pay upon his termination. Compl. at 7. Under Virginia law, a viable breach of contract claim has three elements: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 267 Va. 612, 619 (Va. 2004). Roberts's Complaint is devoid of any factual allegations from which the Court can infer that Inova had a legally enforceable obligation to pay Roberts two weeks of separation pay. As discussed above, Roberts fails to plead the most basic terms of his employment, including that any employment agreement included any amount of severance pay. Roberts only alleges that "2 weeks-worth of separation pay[] was standard practice at the time of his hire." Compl. at 8. That is insufficient to allege any legally enforceable contract obligation from Inova to Roberts. Accordingly, the Court dismisses the breach of contract claim.[4]

## V.    CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Dkt. No. 5) is **GRANTED**, and the Complaint (Dkt. No. 1) is **DISMISSED**. All pending motions, including Roberts's motion for summary judgment (Dkt. No. 12), are **DENIED** as **MOOT**.

It is **SO ORDERED**.

\*        \*        \*

Should plaintiff wish to appeal this Memorandum Opinion and Order, he must file a written notice of appeal with the Clerk of this Court within thirty (30) days of the date of the entry of this

---

[4]      Because the Court finds Roberts' Complaint deficient for a failure to state a claim, the Court will not address Roberts's request to obtain his "initial hiring documents" from Inova to determine whether he is entitled to two weeks of separation pay under the terms of his hire. Compl. at 20. The Court notes, however, that Inova represents to the Court that along with a copy of its Motion to Dismiss, Inova has provided Roberts with "copies of his offer letters (for part-time and subsequently for full-time employment) for his review." *See* Def. Mem. (Dkt. No. 6) at 9 n.3.

Memorandum Opinion and Order. A written notice of appeal is a short statement stating a desire to appeal an order and identifying the date of the order plaintiff wants to appeal. Failure to file a notice of appeal within the stated period may result in the loss of the right to appeal.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record and plaintiff *pro se*.

/s/
_____
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
March 22, 2023